(No. 4332— ▮▮▮▮▮▮▮▮▮▮)

Joe Dubinsky, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 8, 1951.*

Arndt and Wingard, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; William H. Sumpter, Assistant Attorney General, for Respondent.

Lansden, J.

Claimant, Joe Dubinsky, seeks to recover from respondent under the Workmen's Compensation Act for injuries sustained as a result of an accident arising out

of and in the course of his employment as a Driver's License Examiner in the Division of State Police of the Department of Public Safety.

On July 6, 1950, claimant was preparing to give a lady a driver's examination by accompanying her in her car. The driver was seated behind the steering wheel, and claimant sat at her right in the front seat. The husband of the lady slammed the right front door, which struck claimant's right elbow resulting in bursitis of the right elbow.

Claimant continued to work from the date of the accident until August 6, 1950, when his employment with respondent was terminated, On July 29, 1950, a doctor removed the bursae of the right elbow, and on August 17, 1950, claimant was discharged from further treatment with no disability.

The proof in the record shows that claimant notified his superiors within thirty days after the date of his accident, and no other jurisdictional questions are, or can be, involved.

Claimant maintains that he is entitled to compensation for temporary total disability for five weeks ending on August 17, 1950. The record, however, shows that until August 6, 1950, he was paid his full salary for services performed by him, although he was unable to use his arm. Claimant is, therefore, entitled to temporary total compensation only from August 7, through August 17, inclusive, or a period of 11 days.

Claimant also maintains that he is entitled to some compensation for partial disability, but the record is wholly devoid of any proof of differential in earnings, and the uncontroverted medical report in the record shows that on August 17, 1950, claimant ceased to be either totally or partially disabled.

However, claimant did pay the doctor who treated him the sum of $75.00 and he paid a hospital in Moline, Illinois, the sum of $13.50. We do not feel that he elected to secure his own medical services, since his superiors apparently did not cooperate with him in the manner required by law in furnishing medical services, and that claimant should therefore be reimbursed for the medical payments he himself has made.

On the date of his accident, claimant was 43 years of age, married, but had no children under the age of 18 years dependent upon him for support. His earnings in the year prior to his accident amounted to $2,604.00, and his rate of compensation therefore is $22.50 per week.

William J. Cleary & Co., Court Reporters, Chicago, Illinois, was employed to take and transcribe the testimony before Commissioner Tearney. Charges in the amount of $43.05 were incurred, which charges are reasonable and customary. An award is, therefore, entered in favor of William J. Cleary & Co. for $43.05.

An award is entered in favor of claimant, Joe Dubinsky, under Section 8 (a) (b) of the Workmen's Compensation Act for 11 days temporary total disability, or the sum of $35.36, plus $88.50 paid by him for medical services, or a total award of $123.86, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chapter 127, Section 180.